UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| GWYNN SHIPMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 6:17-cv-200 |
| v. | ) |
| | ) |
| EXETER FINANCE CORP., | ) Complaint |
| | ) |
| Defendant. | ) Jury Trial Demanded |
| | ) |

**Nature of this Action**

1. Gwynn Shipman brings this action against Exeter Finance Corp. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \*   \*   \*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3. This case involves Defendant's repeated use of an automatic telephone dialing system or an artificial or prerecorded voice to place non-emergency calls to Ms. Shipman's cellular telephone number, despite her repeated demands that Defendant cease placing such calls.

1

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court under 28 U.S.C. § 1391(b), as Ms. Shipman resides in this district, a portion of the events giving rise to this action occurred in this district, and as Defendant transacts business in this district.

## Parties

6. Ms. Shipman is a natural person who at all relevant times resided in White Oak, Texas.

7. Defendant is a subprime auto lender headquartered in Irving, Texas.

## Factual Allegations

8. Ms. Shipman obtained an automobile loan from Defendant in August 2014.

9. Shortly thereafter, Defendant began placing calls to Ms. Shipman's cellular telephone number ending in 5183.

10. Ms. Shipman is the sole subscriber to her cellular telephone number.

11. Defendant placed calls to Ms. Shipman's cellular telephone number from (800) 321-9637, a telephone number assigned to Defendant.

12. By November 2014, after having received telephone calls from Defendant for two months, Ms. Shipman demanded that Defendant cease placing calls to her cellular telephone number.

13. To that end, Ms. Shipman spoke to Defendant's customer service representatives on multiple occasions to repeat her requests that Defendant cease placing calls to her cellular telephone number.

14. Ms. Shipman also spoke with a supervisor employed by Defendant to reiterate her demands that Defendant cease placing calls to her cellular telephone number.

15. When Ms. Shipman's oral demands that Defendant's calls cease went unheeded, she sent written correspondence to Defendant—at the address on her monthly bill—on two occasions to demand that Defendant's incessant calls stop.

16. No matter, Defendant continued placing calls to Ms. Shipman's cellular telephone number throughout 2016 and through and including March 2017.

17. Despite Ms. Shipman's repeated oral and written demands that Defendant stop calling her, Ms. Shipman estimates that Defendant placed hundreds of autodialed calls to her cellular telephone.

18. Many of Defendant's calls to Ms. Shipman's cellular telephone included a prerecorded or automated message.

19. Upon information and good faith belief, and in light of the frequency, character, large number, and nature of the calls, including that Defendant's calls utilized an artificial or prerecorded voice, Defendant placed its calls to Ms. Shipman's cellular telephone number using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

20. Upon information and good faith belief, and in light of the frequency, character, large number, and nature of the calls, including that Defendant's calls utilized an artificial or prerecorded voice, Defendant placed its calls to Ms. Shipman's cellular telephone number by using (a) equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers, or (b) technology with the capacity to dial random or sequential numbers, or (c) hardware, software, or equipment that the FCC characterizes as an automatic telephone dialing system through the following, and any

related, declaratory ruling and order: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

21. Upon information and good faith belief, and in light of the frequency, character, large number, and nature of the calls, including that Defendant's calls utilized an artificial or prerecorded voice, Defendant placed its calls to Ms. Shipman's cellular telephone number by using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

22. Upon information and good faith belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial telephone numbers without human intervention.

23. Upon information and good faith belief, Defendant used such hardware and software to place the calls at issue to Plaintiff's cellular telephone number.

24. Plaintiff repeatedly revoked any consent Defendant may have had to call her cellular telephone number, both orally and in writing.

25. Despite Ms. Shipman's revocation of consent, Defendant continued placing calls to Ms. Shipman's cellular telephone with an automatic telephone dialing system or an artificial or prerecorded voice.

26. Defendant did not place any calls to Ms. Shipman's cellular telephone number for emergency purposes.

27. Upon information and good faith belief, Defendant placed the calls at issue to Ms. Shipman willfully and knowingly in that it consciously and deliberately made the calls referenced herein.

28. Upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system or an artificial or prerecorded voice to place the calls at issue to Ms. Shipman.

29. Ms. Shipman suffered harm as a result of Defendant's telephone calls at issue in that she suffered an invasion of her privacy, an intrusion into her life, and a private nuisance.

30. As well, Defendant's telephone calls at issue depleted or consumed, directly or indirectly, Ms. Shipman's cellular telephone minutes, for which she paid a third party.

31. Additionally, the unwanted calls at issue unnecessarily tied up Ms. Shipman's telephone line.

32. Upon information and good faith belief, Defendant maintains business records that show all calls that it placed, and text messages it sent, to Ms. Shipman's cellular telephone number.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

33. Ms. Shipman repeats and re-alleges each and every factual allegation contained in paragraphs 1-32.

34. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls, and to send text messages, to Ms. Shipman's cellular telephone number, without her consent.

35. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Ms. Shipman is entitled to damages in an amount to be proven at trial.

## Trial by Jury

36. Ms. Shipman is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Ms. Shipman prays for relief and judgment, as follows:

(a) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from placing additional calls to Ms. Shipman's cellular telephone;

(b) Awarding Ms. Shipman damages under 47 U.S.C. § 227(b)(3); and

(c) Awarding other and further relief as the Court may deem just and proper.

Dated: April 3, 2017

Respectfully submitted,

/s/ Aaron D. Radbil
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
(512) 322-3912
(561) 961-5684 (Fax)
aradbil@gdrlawfirm.com

Michael L. Greenwald*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477
561-961-5684 (Fax)
jdavidson@gdrlawfirm.com

*To seek admission *pro hac vice*

Counsel for Plaintiff